IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHANECIA HAYDEN                                                                                          PLAINTIFF

vs.                                              Civil No. 4:14-cv-04004

CAROLYN W. COLVIN                                                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Shanecia Hayden ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") which discontinued her Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff received SSI disability benefits as a child. (Tr. 22). After she attained the age of 18, her disability was re-evaluated. *Id.* As of March 1, 2011, Plaintiff was found to not be disabled. (Tr. 22, 75-76). Thereafter, on August 9, 2012, the ALJ held an administrative hearing to re-consider her SSI application as an adult. (Tr. 36-74). Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Gerry Hildrey testified at this hearing. *Id.* During

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

this hearing, Plaintiff testified she was twenty (20) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 39). As for her education, Plaintiff testified she completed the twelfth grade in high school. (Tr. 40).

On October 26, 2012, after the administrative hearing, the ALJ determined Plaintiff was not disabled. (Tr. 22-31). In his decision, the ALJ found Plaintiff had attained age 18 on February 22, 2010 and was eligible for SSI benefits as a child for the month preceding the month in which she attained age 18. (Tr. 24, Finding 1). The ALJ also determined, however, that Plaintiff was no longer disabled as of March 1, 2011, based on a redetermination of disability under the rules for adults who file new applications. *Id.* The ALJ found that since March 1, 2011, Plaintiff had the following severe impairment: borderline intellectual functioning. (Tr. 24, Finding 2). The ALJ determined that since March 1, 2011, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 24-26, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 27-29, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that, since March 1, 2011, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple routine tasks with no more than occasional contact with the general public, no requirement for reading written instructions or preparation of written reports, and no requirement for math skills.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW.

(Tr. 29, Finding 5). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 30, Finding 9). The VE testified at the administrative hearing regarding this issue. (Tr. 30, 71-72). Specifically, the VE testified, given all Plaintiff's vocational considerations, a hypothetical person retained the capacity to perform occupations such as the following: (1) laundry folder (light, unskilled) with 165,000 such jobs in the nation and 2,400 such jobs in Arkansas; (2) cleaner (light, unskilled) with 328,000 such jobs in the nation and 3,300 such jobs in Arkansas; (3) kitchen helper (medium, unskilled) with 366,000 such jobs in the nation and 2,300 such jobs in Arkansas; and (4) laundry worker (medium, unskilled) with 42,000 such jobs in the nation and 400 such jobs in Arkansas. (Tr. 71-72).

Based upon this testimony, because a hypothetical person retained the capacity to perform jobs existing in significant numbers in the national economy, the ALJ found Plaintiff was not disabled as of March 1, 2011. (Tr. 30, Finding 10). Thereafter, on November 14, 2012, Plaintiff requested the review of the Appeals Council. (Tr. 8). On November 12, 2013, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed her Complaint in this case on January 3, 2014. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

4

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims her disability case should be reversed and remanded. ECF No. 12. Plaintiff raises three claims in her appeal brief: (1) the ALJ erred in finding her mental impairments did not meet the requirements of Listing 12.05; (2) the ALJ erred by concluding she retained the RFC to perform a full range of work at all levels; and (3) the ALJ erred in "failing to submit a complete hypothetical to the vocational expert." ECF No. 12 at 1-21. Upon careful review of these arguments, however, the Court finds the only issue Plaintiff fully briefed was whether the ALJ properly considered a low IQ score that Dr. Betty Feir, Ph.D. assigned to her. *Id.* Thus, the Court will only address this issue.

On August 22, 2012, Dr. Feir examined Plaintiff and administered the Wechsler Adult Intelligence Scale – Fourth Edition (WAIS-IV) and the Vineland Adaptive Behavior Scales (2nd Edition). (Tr. 322-323). After administering those tests, Dr. Feir found Plaintiff "obtained a ***Full Scale IQ score of 68*** on the WAIS-IV." (Tr. 323) (emphasis added).

Despite Dr. Feir's finding, however, Plaintiff argues extensively in her briefing that Dr. Feir

found she had a full scale IQ score of 52[2], which is considerably lower than 68. ECF No. 12 at 1-21. Indeed, the majority of her argument in her briefing is dedicated to the claim that the ALJ erred in considering her full scale IQ score of 52: "The Administrative Law Judge erred in finding Plaintiff did not meet Listing 12.05, for her *low I.Q. of 52.*" (emphasis added). This distinction is very important because under Listing 12.05(B), Plaintiff would be disabled if she had received an IQ score of 52.

With a full scale IQ score of 68, Plaintiff does not necessarily qualify as disabled under Listing 12.05(C) or Listing 12.05(D). To qualify as disabled under either provision, Plaintiff must show an additional limitation. Under subdivision C, Plaintiff must also show "a physical or other mental impairment imposing an additional and significant work-related limitation of function." Under subdivision D, Plaintiff must show "at least two of the following: 1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration."

In her briefing, Plaintiff claims she can show an additional limitation to qualify as disabled under either subdivision C or D. In support of her claim, she references her mother's testimony, her own testimony, and the results of a rehabilitation study by the Arkansas Rehabilitation Services which is dated February 18, 2011. ECF No. 12 at 1-21. In his opinion, the ALJ reviewed this

---

[2] It appears Plaintiff misread the results of Dr. Feir's assessment in claiming her IQ score was found to be 52. (Tr. 323). Under "Sum of Scaled Scores," Dr. Feir stated Plaintiff's "full scale" score was 52. However, the IQ score is stated under "Composite Score," and Plaintiff's IQ is stated to be 68. Notably, in the narrative, Dr. Feir herself states Plaintiff's "obtained a Full Scale IQ score of 68 on the WAIS-IV." (Tr. 323). Thus, the Court finds Plaintiff's full scale IQ score was 68, not 52.

evidence[3] but still found Plaintiff did not meet the requirements of subdivision C or D.   The ALJ found the following:

> Although the claimant has a full-scale IQ, which is between 60 and 70, the undersigned finds no evidence of significant deficits in adaptive functioning.  The claimant is independent in self-care and takes care of an infant, albeit, with some assistance from her mother and grandmother, which is far from unusual for any new parent.  Although in some special education classes and modified regular classes, she graduated from high school.  The claimant is able to drive and has a drivers' license.  Furthermore, as discussed below, the claimant . . . does not have marked  difficulties in activities of daily living, marked difficulties in maintaining social functioning, or marked difficulties in maintaining concentration, persistence, or pace.  There are no repeated episodes of decompensation.

(Tr. 26).  Considering this information, the Court finds the ALJ's determination that Plaintiff's mental impairment does not meet the requirements of Listing 12.05(C) and 12.05(D) is supported by substantial evidence in the record, and there no basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of January 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] It does not appear the ALJ specifically referenced the results from the Arkansas Rehabilitation Services in his opinion. (Tr. 19-31, 329-332).  In this report, Plaintiff was found to have a reading disorder, mathematics disorder, and disorder of written expression. (Tr. 332).  These results are consistent with the ALJ's disability determination.  Thus, the Court finds the ALJ did not err by failing to specifically consider these findings.